IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN D. AGUSTIN,

    Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

No. C 05-02955 JSW

**ORDER DENYING PLAINTIFF'S REQUEST (1) FOR LEAVE TO FILE A SECOND AMENDED COMPLAIN AND (2) TO STAY HEARING ON DEFENDANTS' MOTION TO DISMISS**

    Plaintiff Benjamin D. Agustin filed a request for leave to file a second amended complaint to allege a claim against Joanne Manuel, the other parent of Agustin's children, pursuant to 8 U.S.C. § 1641. Agustin contends that Manuel is an illegal alien and is thus not eligible to receive public benefits.

    Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend his or pleading once without leave of court at any time before a responsive pleading is filed. Fed. R. Civ. P. 15(a). Agustin has already amended his complaint once, and thus, he needs leave of court to amend a second time. Leave to amend is properly denied where the amendment would be futile. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). Moreover, because Agustin is proceeding *in forma pauperis*, the Court may dismiss a case at any time if it determines that the case is frivolous or fails to state a claim. *See* 28 U.S.C.. § 1915(e).

Here, it does not appear as though Agustin would have standing to pursue a claim against Manuel based on her alleged improper receipt of public benefits. "Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Jefferson County*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Covington*, 358 F.3d at 637-38. A plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561. Even assuming *arguendo* that Manuel is not entitled to receive public benefits, Agustin's proposed amendment to his complaint does not allege any facts which, if true, would demonstrate an injury in fact that is traceable and redressable by a favorable decision against Manuel. Accordingly, the Court DENIES Agustin's request to file a second amended complaint.

Agustin also filed a request to stay the hearing currently set for February 17, 2006 on Defendants' motion to dismiss pursuant to Federal Rule of Procedure 12(b)(1) and (6) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Agustin seeks an opportunity to conduct discovery in order to offer evidence to support his claims. Agustin's motion focuses on his proposed claims against Manuel. Because the Court is denying Agustin's request for leave to amend allege claims against Manuel, the Court DENIES Agustin's request to stay the hearing as MOOT.

**IT IS SO ORDERED.**

Dated: January 30, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE