IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN D. AGUSTIN,

    Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

                                     /

No. C 05-02955 JSW

**ORDER OF DISMISSAL**

      In this action, Plaintiff Benjamin D. Agustin ("Agustin") is challenging Defendant County of Alameda's (the "County") efforts to collect child support payments from him for Caitlin N. Manuel and to give such payments to Joanne Manuel. This same matter is also the subject of a state court action currently pending in Alameda Superior Court.

      The County of Alameda filed the state court action against Augustin on June 10, 2005 to collect child support payments from Agustin. Agustin asserted affirmative defenses under various federal laws and then removed the state court action based his federal defenses. This Court remanded the state court action based on a lack of federal subject mater jurisdiction. On the same day he removed the state court action, Agustin filed this matter asserting his federal defenses to the County's attempts to collect child support payments as independent, stand-alone federal claims.

      In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (internal quotations omitted). Courts may consider

whether *Younger* absention is warranted *sua sponte*. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). "Abstention is required when: '(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted). If the *Younger* doctrine applies, the Court must dismiss this case. *See H.C.*, 203 F.3d at 613.

The Court finds that all three prongs of the *Younger* test are satisfied here. First, the state court action filed by the County to collect child support payments is ongoing. Second, the state court proceeding to collect child support is a family relations matter that implicates important state interests. *See id.* (holding that custody dispute was a family relations a matter, a traditional area of state concern, and thus implicated important state interests). Finally, the Court finds that the state court proceedings provide an adequate opportunity for Agustin to raise any federal issues relating to the County's efforts to collect child support payments. As he has already done, Agustin may file affirmative defenses based on federal law in the state court action. Thus, the Court HEREBY DISMISSES this case.[1]

**IT IS SO ORDERED.**

Dated: February 15, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court is dismissing this action in its entirety based on the *Younger* doctrine, the County's pending motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim and the County's motion for a more definite statement are HEREBY DENIED as MOOT. Agustin's pending request for leave to file a motion for reconsideration is also DENIED as MOOT. Accordingly, the hearing on these motions currently scheduled for February 17, 2006 is VACATED.